IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GABRIEL DESMOND YANKEY, JR.,

    Petitioner,

v.                                                          Case No. 22-3277-JWB

JEFF EASTER,

    Respondent.

**MEMORANDUM AND ORDER**

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241. The court has conducted an initial review of the Petition, and, for the reasons that follow, the court directs Petitioner to show cause why this matter should not be dismissed without prejudice.

    **I.**    **Background**

Petitioner is a pretrial detainee and his grounds for relief involve his state criminal proceedings. Petitioner alleges due process violations, including that he is being held while no charges have been filed against him and that he was arrested without an arrest warrant. (Doc. 1 at 1.)

An online Kansas District Court Records search shows that Petitioner's state criminal case remains pending, and his trial has not yet occurred. *See State v. Yankey*, Case No. 22-CR-001212 (Sedgwick County District Court).[1]

    **II.**    **Standard**

---

[1] A review of the docket sheet shows that Petitioner has been charged and has had a first appearance in this state case. The docket sheet also indicates that further proceedings in the case are awaiting the results of a court-ordered mental competency evaluation.

This court has recently addressed the standard on a 28 U.S.C. § 2241 petition for writ of habeas corpus in detail. *See Shearer v. State of Kansas*, Case No. 22-3263-JWL-JPO, 2022 WL 11747212, *1–*2 (D. Kan. Oct. 20, 2022). Before a state prisoner may pursue federal habeas relief, he must exhaust available state remedies unless it appears there is an absence of state corrective process or circumstances exist which would render such process ineffective to protect the petitioner's rights. *See* 28 U.S.C. 2254(b)(1); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). The petitioner carries the burden of showing he exhausted available state remedies. *Price v. Rucker*, Case No. 20-3223-SAC, 2021 WL 4523469, *1 (D. Kan. Oct. 4, 2021) (citing *Olson v. McKune*, 9 F.3d 95, 95 (10th Cir. 1993)).

The Tenth Circuit has applied the *Younger* abstention doctrine, *Younger v. Harris*, 401 U.S. 37 (1971), to avoid interfering with ongoing state court proceedings. *Strickland v. Wilson*, 399 F. App'x 391, 396–97 (10th Cir. 2010) (citing other Tenth Circuit cases). *Younger* abstention requires a federal court to avoid involving itself in a state court proceeding where

> the state court provides an adequate forum to hear the claims raised in the federal complaint, and [] the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Id.* at 397 (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Federal courts are also directed to avoid getting involved with state criminal proceedings under *Ex Parte Royall*, 117 U.S. 241 (1886), except in very limited circumstances, ordinarily involving an act done in pursuance of federal law or as authorized by a foreign state. *See Kirk v. Oklahoma*, Case No. 21-6050, 2021 WL 51111985 (10th Cir. Nov. 3, 2021); *see also Shearer*, 2022 WL 11747212, at *2.

**III.    Analysis**

Petitioner's current state court criminal prosecution does not present the sort of special circumstances that warrant federal court intervention. The *Younger* abstention conditions are present, and the circumstances considered in *Ex Parte Royall* are not. Thus, Petitioner should show good cause why his Petition should not be dismissed without prejudice to refiling after his state criminal matters are resolved and he has exhausted available state court remedies.

**IV.     Conclusion**

For the reasons stated herein, IT IS ORDERED THAT Petitioner is granted until December 1, 2022, in which to show good cause, in writing, why his Petition should not be dismissed without prejudice to refiling after his state criminal matters are resolved.

IT IS SO ORDERED this 1st day of November, 2022.

     s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE