IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GABRIEL DESMOND YANKEY, JR.,

    Petitioner,

v.                                                   Case No. 22-3277-JWB

JEFF EASTER,

    Respondent.

**MEMORANDUM AND ORDER**

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241. The court ordered Petitioner to show cause by December 1, 2022, as to why this matter should not be dismissed without prejudice to refiling pending the results of Petitioner's state case. (Doc. 3.) Additionally, this court ordered Petitioner to submit the $5.00 filing fee by December 1, 2022. (Doc. 7.) Petitioner filed a document titled "Writ of Habeas Corpus" (Doc. 5 at 1), a document titled "Order for Writ of Habeas Corpus" (Doc. 5-1), and a response to the court's show cause order (Doc. 6). For the reasons stated, Petitioner's petitioner for writ of habeas corpus is DISMISSED without prejudice.

**I.**     **Background**

Petitioner is a pretrial detainee and his grounds for relief involve his state criminal proceedings. Petitioner alleges due process violations, including that he is being held while no charges have been filed against him and that he was arrested without an arrest warrant. (Doc. 1 at 1.)

An online Kansas District Court Records search shows that Petitioner's state criminal case remains pending, and his trial has not yet occurred. *See State v. Yankey*, Case No. 22-CR-001212 (Sedgwick County District Court).[1]

**II.     Standard**

The court explained the standard for a 28 U.S.C. § 2241 petition for writ of habeas corpus in its previous order. (Doc. 3.) In short, the petitioner must exhaust available state remedies before pursuing federal habeas relief unless it appears there is an absence of state corrective process or circumstances exist which render such process ineffective to protect the petitioner's rights. *See* 28 U.S.C. 2254(b)(1); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). The burden of showing exhaustion of state remedies lies with the petitioner. *Price v. Rucker*, Case No. 20-3223-SAC, 2021 WL 4523469, at *1 (D. Kan. Oct. 4, 2021) (citing *Olson v. McKune*, 9 F.3d 95, 95 (10th Cir. 1993)).

Federal Rule of Civil Procedure 41(b) "has been interpreted as permitting district courts to dismiss actions *sua sponte*" when a plaintiff or petitioner has failed to comply with the Federal Rules of Civil Procedure or a court order. *Young v. United States*, 316 F. App'x 764, 771 (10th Cir. 2009) (italics in original) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)); *see also Eric v. Kansas*, No. 19-4083-SAC, 2019 WL 5787950, at *2 (D. Kan. Nov. 6, 2019) (dismissing case where plaintiff failed to pay filing fee, refused to comply with ifp requirements, and failed to show cause).

**III.     Analysis**

---

[1] A review of the docket sheet shows that Petitioner has been charged and has had a first appearance in this state case.

Petitioner failed to show cause that he exhausted available state court remedies. Instead, Petitioner attached an alleged "order" from the state district court in Sedgwick County purporting to find that his restraint is unlawful and ordering him to be released immediately. (Doc. 6-1 at 2.) This alleged order is handwritten in what appears to be Petitioner's handwriting (based on his filings in this case) and is signed by "judicial officer" Gabriel Desmond Yankey, Jr. (*Id.*) Petitioner also filed a document titled "Writ of Habeas Corpus," in which he names himself as Director of the Sedgwick County Corrections Department, Judge of the District Court of the 18th Judicial District of the State of Kansas, and Clerk of the District Court. (Doc. 5 at 1.) In the purported "Order for Writ of Habeas Corpus" that Petitioner filed, he also names himself as the Director of the Sedgwick County Correction Department and Judge of the District Court. (Doc. 5-1.) None of these forged documents show that Petitioner has exhausted his state court remedies.

Criminal proceedings against Petitioner by the State of Kansas are ongoing.[2] Petitioner also appears to have filed a civil case in state court against the Sedgwick County Jail, which remains pending despite a purported "Order and Judgment" which Plaintiff himself signed. (Doc. 6-1 at 2.) *See Yankey v. Sedgwick County Jail*, Case No. 22-CV-001844 (Sedgwick County District Court).

Further, Petitioner has failed to pay the required $5.00 filing fee as ordered by the court. (Doc. 7.) For this reason, Petitioner has failed to comply with a court order. The court may dismiss this action pursuant to Fed. R. Civ. P. 41(b).

**IV.    Conclusion**

For the reasons stated, Petitioner's petition for writ of habeas corpus is DISMISSED without prejudice to refiling after he exhausts his state court remedies.

---

[2] Petitioner was scheduled for a hearing on his competency evaluation on November 29, 2022. Petitioner is currently scheduled for a preliminary evidentiary hearing on December 19, 2022.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  The Tenth Circuit has also applied this rule to 28 U.S.C. § 2241 cases.  *Montez*, 208 F.3d at 867 ("this court holds that a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241, whenever the detention complained of in the petition arises out of process issued by a State court.") (alterations and quotation omitted).  Pursuant to 28 U.S.C. § 2253, this court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court must indicate "which specific issue or issues satisfy the showing."  This requires Petitioner to show that this court's ruling was "debatable among reasonable jurists."  *Harris v. Sharp*, No. 17-6109, 2019 WL 5541416, at *37 (10th Cir. Oct. 28, 2019) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003)).

The court finds that a certificate of appealability should not issue in this case.  Nothing in the record suggests that the Tenth Circuit would resolve these issues differently.

IT IS SO ORDERED this 6th day of December, 2022.


                                                                              __s/ John W. Broomes_____
                                                                              JOHN W. BROOMES
                                                                              UNITED STATES DISTRICT JUDGE