IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GABRIEL DESMOND YANKEY, JR.,

    Petitioner,

v.      Case No. 22-3277-JWB

JEFF EASTER,

    Respondent.

## MEMORANDUM AND ORDER

The matter is before the court on Petitioner's motion for leave to appeal in forma pauperis ("IFP"). (Doc. 30.) Petitioner has also submitted his affidavit in support of his motion. (Doc. 31.) For the reasons stated herein, Petitioner's motion is DENIED.

Proceeding in forma pauperis in a civil case is a privilege, not a right. *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(3)(A) (providing that a party who was permitted to proceed in forma pauperis in the district-court action may proceed on appeal in forma pauperis without further authorization, unless the "district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith . . ."). A good faith appeal requires the presentation of a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). The decision whether to grant or deny in forma pauperis status lies within the sound discretion of the court. *See Hoffmeister v. United Student Aid Funds, Inc.*, 818 F. App'x 802, 805 (10th Cir. 2020).

Upon review of the record, the court finds that Petitioner has failed to present a reasoned, non-frivolous argument for appeal, and thus his appeal is not taken in good faith. Notably, Petitioner fails to set out the specific grounds for appeal in either his notice of appeal or in his IFP motion. (*See* Docs. 19, 30); *see also Smith v. Jackson*, 2017 WL 5505305, at *1 (N.D. Ga. 2017) (certifying that plaintiff's appeal is not taken in good faith where the notice of appeal "sets out no specific grounds for appeal"). Petitioner's notice of appeal simply says that he "appeals from the dismissal and denial of the petition for writ of habeas corpus to the United States Court of Appeals for the [T]enth [C]ircuit" and offers no reasoning for the appeal. (Doc. 19.) In the affidavit which accompanies his motion to appeal IFP, Petitioner offers that his issues on appeal are failure to recuse state judges, due process violations by the State of Kansas, illegal confinement by the State of Kansas, violations of his Fourteenth Amendment rights, and unfavorable denial and dismissal of his petition for writ of habeas corpus. (Doc. 31 at 1.) But Petitioner fails to articulate his reasoning beyond a mere list of issues he seeks to have considered on appeal.

Additionally, Petitioner has been untruthful in his affidavit which accompanies his motion to appeal IFP. (*See* Doc. 31.) In the section in which Petitioner is asked to list every person, business, or organization owing him money and the amount owed, Petitioner has listed numerous people and organizations with completely fantastical amounts owed. (*Id.* at 4, 7–8.) For example, Petitioner lists that the Eighteenth Judicial District Court owes him $270,000,000,000. (*Id.* at 7.) Petitioner also indicates that several current and former federal judges owe him millions of dollars. (*Id.* at 7–8.)

Accordingly, Petitioner presents no reasoned, non-frivolous argument on the law and facts to support any issues he may raise on appeal. The court thus denies his motion for leave to appeal in forma pauperis. And the court certifies that Petitioner's appeal is not taken in good faith. Under

Fed. R. App. P. 24(a)(4), the court directs the Clerk to notify the Court of Appeals of this denial of Petitioner's motion and certification that the appeal is not taken in good faith. The court notes that Petitioner may file a motion for leave to proceed on appeal in forma pauperis with the Tenth Circuit Court of Appeals within 30 days after service of this order. Fed. R. App. P. 24(a)(5).

IT IS THEREFORE ORDERED that Petitioner's motion for leave to appeal in forma pauperis (Doc. 30) is DENIED.

THE COURT CERTIFIES that the appeal is not taken in good faith.

IT IS FURTHER ORDERED that the Clerk notify the Court of Appeals of this denial and certification.

IT IS SO ORDERED this 26th day of April, 2023.

                                                s/ John W. Broomes
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE